**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-3408

_____

CURTIS A. BYRON,
                                    Appellant
v.

COLUMBIA GAS OF PENNSYLVANIA, a division of NISOURCE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:21-cv-01365)
District Judge:  Honorable Christy Criswell Wiegand

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 5, 2023

_____

Before: SHWARTZ, CHUNG, MCKEE, <u>Circuit Judges</u>

(Filed: December 15, 2023)

_____

OPINION[*]

_____

CHUNG, <u>Circuit Judge</u>.

Curtis Byron appeals from the District Court's grant of summary judgment in

_____

[*]     This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does
not constitute binding precedent.

favor of his employer, Columbia Gas of Pennsylvania, on his age discrimination suit under the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). Byron brought this suit when he was not selected to an internal leadership position. Columbia Gas argued that Byron was not selected because another candidate outperformed him in an interview. The District Court determined there was no genuine issue of material fact with respect to whether that nondiscriminatory reason was a pretext for discrimination and granted Columbia Gas's motion for summary judgment. For the reasons explained herein, we will affirm.

## I.      BACKGROUND[1]

Byron worked for Columbia Gas for nearly forty years in the same position before he applied for a promotion to the position of Field Operations Leader ("FOL"). Byron and thirty-one other candidates applied for the position. Among them, five (including Byron) were internal candidates. Two other Columbia Gas employees—Kevin Steele and Keely Fergus—then interviewed five finalists from the pool of thirty-two. Byron was the sole internal candidate amongst the finalists, all of whom met the minimum qualifications for the position. They were all asked the same questions and were directed to respond to questions in the "STAR format," detailing "one situation or one task, the action [they] took[,] and the result of that action[,]" *i.e.*, Situation-Task-Action-Result. App. 266. Steele and Fergus each scored the interviewees' performance, then met, compared the scores each had given the interviewees, and assigned a final interview score

---

[1]      Because we write for the parties, we recite only facts pertinent to our decision.

2

by consensus. The highest scorer was Jesse Irwin, age thirty-five, who scored a 28.5 out of 35. Byron, who was fifty-eight years old at the time, was the third-highest scorer with 18 out of 35.

Steele was the ultimate decisionmaker and Columbia Gas selected Irwin. Byron thereafter filed a charge with the Equal Employment Opportunity Commission claiming age discrimination (he also cross-filed the claim with the Pennsylvania Human Relations Commission). After receiving a notice of right to sue, Byron filed a Complaint in the District Court wherein he alleged he was not selected for the FOL opening because of his age in violation of the ADEA (Count I) and PHRA (Count II).

Columbia Gas moved for summary judgment and the District Court, applying the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting framework decided: (1) Byron had established a prima facie case of age discrimination; (2) but Columbia Gas produced a legitimate, nondiscriminatory reason for its hiring decision, *i.e.*, Irwin's superior interview; and (3) Byron could not identify sufficient evidence in the record to show that Columbia Gas's purported reason should be disbelieved or that discrimination was more likely than not the real reason that he was not selected. Accordingly, the District Court granted Columbia Gas's motion and dismissed Byron's claims with prejudice. Byron timely appealed.

II.     DISCUSSION[2]

---

[2]     The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have jurisdiction to review the District Court's final decision pursuant to 28 U.S.C. § 1291.

A.     STANDARD OF REVIEW

Our review of the District Court's decision is plenary.  Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010).  We apply the same standard and will affirm if there is "no genuine issue of material fact … and the moving party is entitled to judgment as a matter of law."  Id.  (citing Fed. R. Civ. P. 56(c)(2)).  "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant" and "material if it could affect the outcome of the case."  Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 300 (3d Cir. 2012) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 248, 252 (1986)).  We interpret the facts "in the light most favorable to the non-moving party," Reedy, 615 F.3d at 210, and seek "to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party."  Id. (quoting Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009)).

We apply the "three-part burden-shifting framework set forth in McDonnell Douglas" to discrimination claims based on circumstantial evidence.  Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015).  Under the three-part framework, a plaintiff must establish a prima facie case of discrimination.  Id.[3]  Then the burden shifts to the employer to give "a legitimate nondiscriminatory reason for the adverse employment action."  Id. (quoting Jones v. Sch. Dist. of Phila., 198 F.3d 403, 412

_____

[3]     For an age discrimination case, the prima facie elements are that: "(1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive."  Id. (citing Burton v. Teleflex Inc., 707 F.3d 417, 426 (3d Cir. 2013)).

4

(3d Cir. 1999)).  And, if the employer can offer such a reason, then "the burden shifts back once more to the plaintiff to show, by a preponderance of the evidence, that the employer's proffered legitimate, nondiscriminatory reason was pretextual."  Id. (citing Burton, 707 F.3d at 426–27).

At the summary judgment stage, a plaintiff must "provide evidence from which a factfinder could reasonably infer" the nondiscriminatory reason was pretextual.  Burton, 707 F.3d at 426 (citing Fuentes v. Perskie, 32 F.3d 759, 764–65 (3d Cir. 1994)).  Such evidence is evidence that would permit a reasonable factfinder to either "(1) disbelieve" the employer's nondiscriminatory reason, or "(2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of [his] employer's action."  Id. at 427 (quoting Fuentes, 32 F.3d at 764); Willis, 808 F.3d at 644 ("To succeed on an ADEA claim, a plaintiff must establish, by a preponderance of the evidence, that age was the 'but-for' cause of the adverse employment action." (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009))).

B.     ANALYSIS

Columbia Gas argues that the District Court properly found that there is no genuine issue of material fact regarding pretext, and we agree because the record portions identified by Byron either do not create a genuine dispute or do not relate to a material fact regarding pretext.

Columbia Gas has represented that "Irwin's score of 28.5 was the determining factor in Steele's decision to hire him for the [FOL] position."  App. 68.  Byron argues that there is other evidence in the record that shows "such weaknesses, implausibilities,

5

inconsistencies, incoherencies, or contradictions" in this reason, such "that a reasonable factfinder could rationally find [it] 'unworthy of credence.'" Fuentes, 32 F.3d at 765 (quoting Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 528 (3d Cir. 1992)). Specifically, he points to interviewer Fergus's deposition testimony wherein she indicated that, in her opinion, the interview was "a large part of the process," but "not the determining factor." App. 273. Bryon also points out that Steele—who was ultimately in charge of the hiring decision—answered inconsistently with respect to the importance of the interview, by indicating the interview score was the determining factor, but also indicating that technical experience "play[ed] into scoring" who would be selected for the position. App. 165.

This apparent inconsistency does not "cast substantial doubt" on Columbia Gas's superior-interview-performance reason for hiring Irwin over Bryon. Fuentes, 32 F.3d at 765. All the candidates who were selected for an interview met the minimum qualifications for the position. They were asked the same questions and were instructed to respond in the same STAR format. Notes from Byron and Irwin's interviews do not undermine Columbia Gas's representation that Irwin was the better performer in this format. Moreover, Byron testified that he is not aware of Irwin's qualifications, nor is he aware of any evidence that Columbia Gas's decision to select Irwin over him had anything to do with age.

Instead, Byron questions whether he was scored fairly when, *e.g.*, he received only a 2/5 for his response to a question about safety awareness despite having a good safety record at Columbia Gas. Byron also notes that he had some supervisory duties in his

6

current position giving him relevant leadership experience for the FOL position. But our role is not to "second guess" Columbia Gas's evaluative methods—such as prioritizing interview responses over past experience—unless those methods "lack[] any relationship at all to the performance of the employee being evaluated." Kautz v. Met-Pro Corp., 412 F.3d 463, 468 (3d Cir. 2005) (citing Fuentes, 32 F.3d at 765). Steele repeatedly indicated in his deposition testimony that Irwin's high scores were attributable to his ability to communicate, which showed "how he would communicate with his team" in this leadership role. App. 177. We cannot say that this reasoning demonstrates a lack of "any relationship" to performance of the FOL position and Byron's critiques of consistency or plausibility are not sufficient to warrant disbelief of Columbia Gas's proffered reason.

To the extent Byron goes the alternate route of "point[ing] to evidence" upon which "a factfinder could conclude by a preponderance of the evidence that age was a motivating or determinative factor in the employment decision," Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 644-45 (3d Cir. 1998) (citation omitted), his argument is weaker yet. To make such a showing, Byron must cite evidence in the record showing, *e.g.*, that Columbia Gas engaged in age-based discrimination against him or others. See Jones, 198 F.3d at 413. But Byron's only evidence that could arguably be probative of a pattern of discrimination is Irwin's deposition testimony referring to Byron as an "older gas guy" and his representation that such "lingo" was common. App. 449–50. Such evidence alone would not permit a reasonable factfinder to find that age was more likely than not a motivating factor or determinative cause of the hiring decision in question, especially because Irwin was a candidate, not a decisionmaker, and because the

7

existing FOLs at the time of Irwin's hire were all over forty years old.[4]  Because Byron

would not be able to prove pretext on this record, summary judgment for Columbia Gas

was appropriate.

III.     CONCLUSION

For the foregoing reasons, we will affirm the order entered December 2, 2022,

granting Columbia Gas's motion for summary judgment and dismissing Byron's

Complaint with prejudice.

---

[4]     Furthermore, the record reflects that Byron was treated more favorably than younger candidates, as he was the only internal candidate selected for an interview, over the four other internal candidates who were each under thirty-five at the time.  See Simpson, 142 F.3d at 646-47 (3d Cir. 1998) (the appellant cannot "pick and choose a person she perceives is a valid comparator . . . , and completely ignore a significant group of comparators who were treated equally or less favorably than [the appellant]").